**WO**                                                                                                           JKM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Banjo Lopez Lapena, | No. CV 06-3046-PHX-MHM (CRP) |
| Petitioner, | **ORDER** |
| vs. | |
| Phillip Crawford, | |
| Respondent. | |

Pending before the Court is Petitioner's Motion for Reconsideration. (Doc. #8.) The Court will deny the Motion.

On December 20, 2006, Petitioner filed a Petition for Writ of Habeas alleging that he had been subject to a deportation order since May 18, 2004. He further alleged that he had been in Immigration and Customs Enforcement ("ICE") custody for more than two years and that his "removal is not likely in the foreseeable future." Petition at 5. Relying on Zadvydas v. Davis, 533 U.S. 678, 701 (2001), Petitioner argued that his continued detention by ICE was not lawful.

On April 12, 2007, the Court denied the Petition and dismissed this action. The Court held that Petitioner was subject to mandatory detention under 8 U.S.C. § 1231(a)(2) during the 90-day removal period which commenced on March 15, 2007, when the Ninth Circuit dismissed Petitioner's petition for review in Lapena v. Gonzales, 06-71547, 2007 WL 836711 (9th Cir. Mar. 15, 2007) (unpublished memorandum). See Khotesouvan v. Morones,

1  386 F.3d 1298, 1299 (9th Cir. 2004) ("an alien ordered removed . . . cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention have passed").

In his Motion for Reconsideration, Petitioner argues that the 90-day removal period has not yet begun because his petition for review is still pending before the Ninth Circuit. Petitioner claims that his appeal is still pending because the Ninth Circuit's March 15, 2007 memorandum decision merely denied *in part* his petition for review. He also asserts that the Ninth Circuit's memorandum decision is not final because he has filed a motion for clarification of that decision.

It is true that the Ninth Circuit memorandum decision only *denied* one of Petitioner's claims. But Petitioner's remaining claims were *dismissed* for lack of jurisdiction. Lapena v. Gonzales, 06-71547, 2007 WL 836711, at *1 (9th Cir. Mar. 15, 2007) (unpublished memorandum). The mere fact that the petition for review was denied in part and dismissed in part does not mean that the action was still pending after the memorandum decision issued. The memorandum decision resolved all of Petitioner's claims and terminated the action.

It is also true, however, that the Ninth Circuit treated Petitioner's motion for clarification as a request for an extension of time to file a petition for rehearing. Lapena v. Gonzales, 06-71547 (9th Cir. May 9, 2007) (unpublished order). Furthermore, on July 5, 2007, Petitioner filed a petition for rehearing *en banc* with the Ninth Circuit. Id. But Petitioner's motion for rehearing was denied on August 8, 2007, and the mandate terminating his petition for review issued on August 16, 2007. Id. Petitioner is, therefore, currently subject to mandatory detention during the 90-day removal period, which commenced when the Ninth Circuit issued its mandate. 8 U.S.C. §§ 1231(a)(1)(B)(ii), (a)(2). Because Petitioner's detention is mandatory during the 90-day removal period, he is not entitled to habeas corpus relief. See Khotesouvan, 386 F.3d at 1299. Petitioner's Motion for Reconsideration will, therefore, be denied.

////

////

1     **IT IS ORDERED** that Petitioner's Motion for Reconsideration (Doc. #8) is **denied**.

2     DATED this 6th day of September, 2007.

_____
Mary H. Murguia
United States District Judge